# EXHIBIT 2

## CRITCHLEY, KINUM & LURIA, LLC

ATTORNEYS AT LAW

75 LIVINGSTON AVENUE - SUITE 303

ROSELAND, NEW JERSEY 07068

MICHAEL CRITCHLEY
MICHAEL CRITCHLEY, JR.
CHRISTOPHER W. KINUM
AMY LURIA

ARMANDO B. SUAREZ

(973) 422 - 9200
(973) 422 - 9700 fax
www.critchleylaw.com

September 29, 2021

**Via E-mail**

Mr. Sean Sherman
Ms. Emma Spiro
U.S. Attorney's Office
970 Broad Street, 7th Fl.
Newark, NJ 07102

Re:    United States v. Carmine Mattia, 21-576 (KM)

Dear Mr. Sherman and Ms. Spiro:

Pursuant to the Federal Rules of Criminal Procedure, including Rules 16 and 26.2; Brady v. Maryland, 373 U.S. 83 (1963); and all other applicable rules, statutes, and law; we respectfully request discovery in the above matter.

Our request for discovery includes, but is not limited to, the following:

1. Mattia's oral statements pursuant to Rule 16(a)(1)(A);

2. Mattia's written and/or recorded statements pursuant to Rule 16(a)(1)(B);

3. Mattia's prior record pursuant to Rule 16(a)(1)(D);

4. Documents and objects pursuant to Rule 16(a)(1)(E) (kindly note that to the extent that copies of the documents and objects are not going to be provided, we request an explanation as to why, as well as, proposed dates and times so that we may conduct a review of the documents and objects);

5. Reports of Examinations and Tests pursuant to Rule 16(a)(1)(F) (kindly note that to the extent that copies of the reports are not going to be provided, we

request an explanation as to why, as well as proposed dates and times so that we may conduct a review of the reports);

6.  Expert Witness disclosures and discovery as provided by Rule 16(a)(1)(G);

7.  All reports of forensic analysis performed on any computer, electronic device and/or computer system;

8.  All statements required to be produced pursuant Rule 26.2, including, but not limited to, all deposition transcripts from civil litigation;

9.  All information required pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, including Giglio v. United States, 405 U.S. 150 (1972), United States v. Bagley, 475 U.S. 667 (1985), and Kyles v. Whitley, 514 U.S. 150 (1972);

    a.  As to Giglio/Brady material pertaining to impeachment of a potential witness, kindly note that the request includes, but is not limited to, instances of conduct or statements of a potential witness relating to the witness' credibility or character for truthfulness, evidence in the form of opinion or reputation as to a witness' character for truthfulness, prior inconsistent statements, and information that may tend to suggest that the witness is biased.

    b.  This request includes materials obtained by the U.S. Attorney's Office from civil litigations.

    c.  This request includes materials that may not be in the possession of the prosecution team, and may relate to other matters, including, but not limited to, materials held by other U.S. Attorney's Offices and the FBI.

    d.  As to Giglio/Brady material relating to law enforcement or Government witnesses, provide not only the foregoing information but also information concerning any finding of misconduct that reflects upon the truthfulness or possible bias of the witness, including a finding of lack of candor during an administrative and/or civil inquiry; any past or pending criminal charges brought against the witness; and any credible allegations of misconduct that reflect upon the truthfulness or possible bias of the witness if that is the subject of

a pending investigation. If such a witness was the subject of allegations that were not substantiated or in which the witness was exonerated, nevertheless provide such information if the allegation was made by a prosecutor or judge; or the allegation received publicity; or as otherwise necessary to permit us to prepare our defense.

e. Finally, it is our understanding and belief that a significant amount of Brady exculpatory information is contained within witness statements, including, but not limited to, patient statements. We expect that **all** of these witness statements will be produced promptly.

10. All materials pursuant to the Jencks Act, 18 U.S.C. § 3500 (we respectfully request production of all of these materials substantially in advance of trial in order to avoid any unnecessary delays in the trial to permit us adequate and sufficient time to review such materials and prepare for examination).

a. We also request identification, by Bates Number, of all documents referenced in any law enforcement reports, as well as the attachments to all law enforcement reports.

11. We respectfully note that all responsive information in the custody or control of other federal, state, county, or local law enforcement, who have participated in this matter, or any other governmental agencies and governmental entities, must be produced.

12. To the extent that any information does not exist, we respectfully request written confirmation. Moreover, to the extent that responsive information at one time existed but no longer does, please indicate (1) the information/material that existed, (2) the reason that it no longer exists or was destroyed, (3) the date it ceased to exist or was destroyed, (4) the identity of the persons involved in its destruction, and (5) the reasons that such information/material was destroyed.

13. Please disclose and preserve/retain any and all rough notes/drafts of documents (whether made by a federal or state agent, cooperating witness, attorney, or other person) related to this matter in any way. Rough notes and drafts of documents should be preserved, as well as any and all versions of notes and drafts of documents (including draft reports). If your office has not, or will not, preserve any and all rough notes/drafts of documents

(including reports), please advise so that we can make the appropriate motion to the Court. If any rough notes/drafts of documents were once in existence, but no longer are (or were altered in any fashion), please indicate the date of the destruction/alteration, the reason for the destruction/alteration, the identity of any person involved in the destruction/alteration (or the decision to do so); and a description of what was destroyed/altered.

14. We also request a copy of all search warrants issued and search warrant affidavits submitted in support of any search warrants issued relevant to this case, as well as the inventories of items seized.

15. We also note that pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure, as well as other pertinent law, the duty to disclose and provide discovery is a continuing one.

16. Finally, we request that you advise by October 8, 2021 whether you refuse to comply with any of our above requests.

Very truly yours,

/s/ Amy Luria

Amy Luria