# EXHIBIT 4

## CRITCHLEY, KINUM & LURIA, LLC
ATTORNEYS AT LAW
75 LIVINGSTON AVENUE - SUITE 303
ROSELAND, NEW JERSEY 07068

MICHAEL CRITCHLEY
MICHAEL CRITCHLEY, JR.
CHRISTOPHER W. KINUM
AMY LURIA

ARMANDO B. SUAREZ

(973) 422 - 9200
(973) 422 - 9700 fax
www.critchleylaw.com

September 29, 2021

**Via E-mail**
Mr. Sean Sherman
Ms. Emma Spiro
U.S. Attorney's Office
970 Broad Street, 7th Fl.
Newark, NJ 07102

   Re: United States v. Carmine Mattia, 21-576 (KM)

Dear Mr. Sherman and Ms. Spiro:

  We write to respectfully request that, by October 8, 2021, you provide to us: (1) copies of all grand jury subpoenas issued in this case; (2) all documents/responses received in response to each grand jury subpoena; (3) the dates on which each grand jury subpoena was served; and (4) the dates of each grand jury subpoena production/response received.

  We make this request because, based of our review of materials produced by the Government, it appears that certain grand jury subpoena responses were not received by the Government until after the indictment was returned against Mr. Mattia on July 23, 2021.

  A prosecutor may not, once an individual has been indicted, use the grand jury to gather additional evidence against the person for use at their upcoming trial. *In re Grand Jury Proceedings*, 632 F.2d 1033 (3d Cir.1980). *See also United States v. (Under Seal)*, 714 F.2d 347, 349 (4th Cir. 1983) (recognizing that grand juries "serve[ ] an independent investigatory function and [are] 'not meant to be the private tool of the prosecutor'") (citation omitted). Thus, once a defendant has been indicted, "[a]buse of the grand jury occurs when the government uses it for the 'sole or dominant purpose' of conducting discovery or preparing for trial on a

pending indictment." *United States v. McLaughlin*, 910 F. Supp. 1054, 1062 (E.D. Pa. 1995) (citing cases).

Accordingly, post-indictment receipt of any records or other materials in response to grand jury subpoenas, even if issued pre-indictment, is improper. In *United States v. Jeter*, 2015 WL 114118 (D.M.D. Jan. 7, 2015), the Government accepted "property targeted by the pre-indictment subpoena" after defendant Jeter was indicted. The *Jeter* Court held that this post-indictment acceptance of property constituted a "use" of the grand jury, the "sole or dominant purpose of [which] was [to] obtain evidence against Mr. Jeter for use in the criminal proceeding against him." *Id.* at *2. The District Court held that such "post-indictment use of the pre-indictment grand jury subpoena was improper." *Id.* at *1.

We request that you advise, by October 8, 2021, whether you refuse to comply with any of our above requests.

Very truly yours,

*/s/ Amy Luria*
Amy Luria