<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CARMINE A. MATTIA, JR.,<br><br>Defendant. | Case No. 2:21-cr-00576 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is the United States of America's (the "Government") Motion for Reconsideration (ECF No. 62) of the Court's June 3, 2024 Opinion and Order granting Defendant Carmine A. Mattia's ("Defendant") motion to dismiss Counts 1 through 4 of the Superseding Indictment (ECF Nos. 60, 61). Defendant filed a letter brief in lieu of a more formal opposition to the Government's Motion (ECF No. 63), and the Government filed a reply (ECF No. 64). Having reviewed the submissions filed in connection with the Government's Motion and having declined to hold oral argument, for the reasons set forth below and for good cause having been shown, the Government's Motion for Reconsideration (ECF No. 62) is **DENIED**.

## I.    BACKGROUND

The Court incorporates by reference the underlying facts set forth in the Court's June 3, 2024 Opinion. (ECF No. 60.) In the Superseding Indictment, Defendant was charged with six counts: one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 (Count 1); three counts of health care fraud in violation of 18 U.S.C. § 1347 and § 2 (Counts 2 through 4); one count of witness tampering in violation of 18 U.S.C. § 1512(b)(3) (Count 5); and one count of obstruction of health care investigation in violation of 18 U.S.C. § 1518 (Count 6).

(ECF No. 15.) Defendant pleaded not guilty to all six counts. (ECF No. 18.) Defendant previously filed a motion to dismiss Counts 1 through 4 of the Superseding Indictment (ECF No. 22), which the Court granted on June 3, 2024 (ECF Nos. 60, 61). The Court found the Superseding Indictment did not sufficiently allege a conspiracy to commit health care fraud nor substantive health care fraud as it does not identify any false or fraudulent statement, misrepresentation, or omission by Defendant and fails to sufficiently allege a scheme to defraud "in connection with the delivery of or payment for health care benefits, items, or services." 18 U.S.C. § 1347(a). (*See generally* ECF No. 60.)

On June 17, 2024, the Government filed a Motion for Reconsideration (ECF No. 62) of the June 3, 2024 Opinion and Order granting Defendant's motion to dismiss Counts 1 through 4 of the Superseding Indictment (ECF Nos. 60, 61). On July 1, 2024, Defendant filed a letter brief in lieu of a more formal opposition to the Government's Motion. (ECF No. 63.) On July 12, 2024, the Government filed a reply. (ECF No. 64.)

## II.   LEGAL STANDARD

While not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i), and the Local Civil Rules supplement the Federal Rules of Criminal Procedure "and are applicable in all proceedings when not inconsistent therewith." L. Civ. R. 1.1(a). *See Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-01632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). "[R]econsideration is an extraordinary remedy that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civ. A. No. 03-03988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, Civ. A. No. 07-02983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that

a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'" (citation omitted)); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) ("Relief under [Local Civil] Rule 7.1(i) will be granted 'very sparingly.'" (citation omitted)).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (citation omitted). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked[.]" L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule."). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-04590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result

3

in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Schiano v. MBNA Corp.*, Civ. A. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process." (citations omitted)).

## III.   DECISION

The Government requests the Court reconsider its decision granting Defendant's motion to dismiss Counts 1 through 4 of the Superseding Indictment. (*See generally* ECF Nos. 62, 64.[1]) The Government argues: (1) "the Court overlooked or misapprehended allegations in the Superseding Indictment that, fairly read, do allege conspiracy to commit health care fraud and substantive health care fraud charges"; (2) "the Court in practice applied an incorrect legal standard in scrutinizing the allegations of the Superseding Indictment"; and (3) "the Court's decision contradicts those of other Courts in this District upholding indictments strikingly similar to the Superseding Indictment here." (ECF No. 62 at 1.) The Government further argues the Court committed manifest errors of law and fact by: (1) erring "in applying a heightened pleading standard that far exceeds Rule 7's

---

[1] In its reply, the Government states Defendant's opposition did not raise any substantive arguments requiring it to respond, and accordingly it relies on the arguments made in its Motion. (ECF No. 64.)

4

requirement for a 'plain, concise and definite written statement of the essential facts constituting the offense'"; (2) "overlooking allegations in the Superseding Indictment that are more than sufficient to allege an offense under the correct legal standard"; and (3) applying a heightened pleading standard in this case that is inconsistent with other Judge's decisions in this District regarding health care fraud indictments in other cases. (*Id.* at 2.) The Government submits that "[r]equiring even more detail in addition to the seven-page speaking indictment would also be contrary to the Third Circuit's command that an indictment need allege only the elements of the offense and 'sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy.'" (*Id.* at 13 (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)).) The Government states the Superseding Indictment more than satisfies the Third Circuit's standard. *(Id.)*

In opposition, Defendant contends the Government's Motion merely rehashes arguments it has made many times before, and to which he has previously responded. (ECF No. 63 at 1.) Accordingly, Defendant states he relies on his previous written submissions and his counsel's oral arguments. (*Id.*) However, Defendant asserts he needed to respond to one point—stating the Government appears to try and mislead the Court in citing to four criminal compounding cases in this District (Nos. 22-cr-00035, 21-cr-00157, 19-cr-00191, and 19-cr-00716), but that none of the defendants in those cases challenged the indictments on the same ground as the Court based its decision in this case, and, moreover, the facts in each of the indictments in those cases are distinguishable from the facts alleged here. (*Id.* at 2.)

Here, the Government (1) has not demonstrated a change in controlling law since the June 3, 2024 decision, (2) does not discuss evidence unavailable to the Court at the time of its June 3, 2024 decision or which has become available between then and now, and (3) does not demonstrate

a clear error of law or manifest injustice. Accordingly, the Court finds the Government has not met the standard for a motion for reconsideration *See Max's Seafood Café*, 176 F.3d at 677. Having considered the Government's submissions in support of its Motion for Reconsideration, the Court concludes nothing therein demonstrates a ground for reconsideration of the Court's June 3, 2024 Opinion and Order (ECF Nos. 60, 61).

Therefore, the Government's Motion for Reconsideration is **DENIED**.

IV.   CONCLUSION

For the reasons set forth above, the Government's Motion for Reconsideration (ECF No. 62) is **DENIED**. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated:  July 25, 2024