Bruce A. Levy, Esq.
HARTMANN DOHERTY
ROSA BERMAN & BULBULIA
830 Morris Turnpike, ste. 304
Short Hills, NJ 07078
t: 973-467-1325
e: blevy@hdrbb.com
*Attorneys for Defendant Carmine Mattia*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CARMINE A. MATTIA, JR.,<br><br><div align="right">Defendant.</div> | Crim. No. 21-576 (BRM)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MATTIA'S RENEWED MOTION TO DISMISS COUNTS 1-4**<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANT CARMINE MATTIA'S
BRIEF IN SUPPORT OF HIS RENEWED MOTION TO DISMISS
COUNTS 1 – 4 OF THE SUPERSEDING INDICTMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ………………………………………………………………… ii

PRELIMINARY STATEMENT …………………………………………………………………1

FACTUAL AND PROCEDURAL BACKGROUND …………………………………………...2

ARGUMENT … …………………………………………………………………………………4

I      COUNTS 1-4 MUST BE DISMISSED BECAUSE THE STATUTES, AS APPLIED, ARE VOID FOR VAGUENESS ........................................................................................... 4

      A.    The Third Circuit Panel Expressly Reserved The Constitutional Question Now Before This Court.............................................................................. 4

      B.    The Legal Standard .................................................................................. 5

      C.    Mattia's As-Applied Vagueness Challenge Is Properly Resolved On A Pretrial Motion To Dismiss.................................................................... 6

      D.    As Applied To The Conduct Charged, The "Medically Unnecessary" Standard Is Unconstitutionally Vague ...................................................... 8

    CONCLUSION   …………………………………………………………………….……9

# TABLE OF AUTHORITIES

**Cases**

*Kolender v. Lawson*, 461 U.S. 352, 357 (1983)................................................................. 9

*United States v. Mattia, No. 24-2589, slip op.(3d Cir. Oct. 21, 2025)* ........................................ 1,3

*United States v. Alkaabi*, 223 F. Supp. 2d 583, 587 (D.N.J. 2002) ................................................. 7

*United States v. Bryant*, 556 F. Supp. 2d 2008 (D.N.J. 2008) ...................................................... 7, 9

*United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) ................................................... 7

*United States v. Ferriero*, 866 F.3d 107, 130 (3d Cir. 2017)..................................................... 6, 10

*United States v. Fullmer*, 584 F.3d 132, 152 (3d Cir. 2009) ................................................. 5, 6, 10

*United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012)...................................................... 5, 7, 8

*United States v. Panarella*, 277 F.3d 678, (3d Cir. 2002) ......................................................... 6, 7

*United States v. Stock*, 728 F.3d 287, 293 (3d Cir. 2013)............................................................ 5

**Statutes**

18 U.S.C. § 1347........................................................................................................... 2

18 U.S.C. § 1349........................................................................................................... 2

18 U.S.C. § 2................................................................................................................ 2

## PRELIMINARY STATEMENT

Defendant Carmine A. Mattia, Jr. respectfully submits this memorandum in support of his renewed motion, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), to dismiss Counts One through Four of the Superseding Indictment as void for vagueness as applied. This motion is made on remand and at the express invitation of the Third Circuit Court of Appeals. Having reversed this Court's prior order of dismissal on sufficiency grounds, the Third Circuit "le[ft] the issue of unconstitutional vagueness to the District Court to address in the first instance." *United States v. Mattia*, No. 24-2589, slip op. at 12n.4 (3d Cir. Oct. 21, 2025). This is the narrow question presented in this motion.

The prosecution of Mr. Mattia rests on the allegation that he caused an individual to receive compounded medications that were "medically unnecessary," and that billing a health care benefit program for those medications was therefore fraudulent. The phrase "medically unnecessary," as deployed in the Superseding Indictment and as applied to the conduct charged, supplies no ascertainable standard by which Mr. Mattia could have known where lawful conduct ended and criminal conduct began, and it invites a jury to convict based on its own unguided assessment of whether a licensed physician's prescription was sufficiently "necessary." A criminal statute applied in that manner does not satisfy the fair-notice and non-arbitrary-enforcement requirements of the Due Process Clause.

1

The Court can and should decide this question now. The challenge turns entirely on the face of the Superseding Indictment, taking the facts as true, and the text of the statute.   This motion does not not ask the Court to weigh the Government's evidence or resolve any contested fact. As described herein, under Third Circuit law and its application in this District, an as-applied vagueness challenge that tests the constitutional adequacy of notice and of the legal standard, rather than the sufficiency of the proofs, is properly resolved on a pretrial motion to dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

Mr. Mattia was charged in the District of New Jersey with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349 (Count One), and with substantive health care fraud, in violation of 18 U.S.C. § 1347 and 18 U.S.C. § 2 (Counts Two through Four). The charging instrument alleges that Mr. Mattia acted as a sales representative for compounded medications and that, to increase his profits, he caused an individual identified as Individual-1 to receive compounded medications alleged to be "medically unnecessary," which were then billed to a health care benefit program.

The Superseding Indictment does not define the term "medically unnecessary," and neither Section 1347 nor Section 1349 supplies a statutory definition of that term as an element of the offense.

2

This Court previously granted Mr. Mattia's motion to dismiss the Superseding Indictment. ECF 60. On the Government's appeal, the Court of Appeals for the Third Circuit reversed, holding that the Superseding Indictment adequately alleged an implicit misrepresentation and rejecting Mr. Mattia's remaining sufficiency arguments. *See Mattia*, No. 24-2589. In the course of that ruling, the panel addressed Mr. Mattia's contention that the term "medically unnecessary" rendered the pleading unconstitutionally vague and stated that, reading the indictment as a whole and in a common-sense manner, it did not share those concerns. The panel nonetheless expressly declined to resolve the constitutional question, leaving the issue of unconstitutional vagueness to the District Court to address in the first instance:

> "The District Court suggested that the Superseding Indictment was unconstitutionally vague, but did not rule on this aspect of Mattia's motion. Though we hold that the Superseding Indictment fairly apprises Mattia of what he needs to meet at trial despite is use of the term "medically unnecessary," we leave the issue of unconstitutional vagueness to the District Court to address in the first instance."

*Mattia* at 12n.4. The matter was remanded for further consideration consistent with the Third Circuit's opinion. *Mattia* at 14.

3

## ARGUMENT

**I.    COUNTS 1-4 MUST BE DISMISSED BECAUSE THE STATUTES, AS APPLIED, ARE VOID FOR VAGUENESS**

### A.    The Third Circuit Panel Expressly Reserved The Constitutional Question Now Before This Court.

To be sure, in the course of its Rule 7(c)(1) sufficiency analysis, the Third Circuit panel stated that it did not share Mr. Mattia's vagueness concerns when the indictment is read as a whole and in a common-sense manner. However, that observation does not control the disposition of this motion, for three reasons. First, the panel made it while deciding a different question, whether the pleading adequately alleged an offense under Rule 7(c)(1), not whether the "medically unnecessary" standard is unconstitutionally vague as applied. Second, and dispositively, the panel declined to decide the constitutional question at all, leaving "the issue of unconstitutional vagueness to the District Court to address in the first instance." A question expressly reserved is not a question decided; the law-of-the-case doctrine does not foreclose what the Court of Appeals deliberately left open. Third, the as-applied vagueness inquiry is conducted "on a case-by-case basis," *United States v. Fullmer*, 584 F.3d 132, 152 (3d Cir. 2009), and is properly resolved by this Court on the developed record of the charge, precisely as the mandate contemplates.

4

### B.      The Legal Standard

Under Rule 12(b)(3)(B), a defendant may move before trial to dismiss a charging instrument that fails to state an offense. In evaluating such a motion, a district court must accept as true the factual allegations set forth in the indictment, and its review is confined to the four corners of that pleading. *See United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012). The sufficiency of a charging instrument may be challenged not only on the ground that it fails to allege the elements of the offense, but also on the ground that "the specific facts alleged . . . fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *United States v. Stock*, 728 F.3d 287, 293 (3d Cir. 2013) (quoting *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002)).

A statute is void for vagueness where it "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or "authorizes or even encourages arbitrary and discriminatory enforcement." *United States v. Ferriero*, 866 F.3d 107, 124 (3d Cir. 2017) (quoting *United States v. Amirnazmi*, 645 F.3d 564, 588 (3d Cir. 2011)). Where, as here, no First Amendment interest is implicated, the court "examine[s] whether it is vague as-applied to the affected party." *Fullmer*, 584 F.3d at 152. In the criminal context, because vagueness attacks are grounded in the requirement of fair notice, they

"may be overcome in any specific case where reasonable persons would know their conduct puts [them] at risk of punishment under the statute (citations omitted)." *Id.*

### C.    Mattia's As-Applied Vagueness Challenge Is Properly Resolved On A Pretrial Motion To Dismiss

The threshold question the Court of Appeals reserved is whether the vagueness challenge may be decided now, before trial. It may. The governing distinction in this Circuit is between a challenge to the sufficiency of the Government's evidence, which may not be resolved on a Rule 12 motion, and a challenge that tests the legal adequacy of the charging instrument on its face, which may be challenged. A "pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *Huet*, 665 F.3d at 595 (quoting *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000)). But where the defendant does not dispute what the Government will prove and instead attacks "the facial sufficiency of the allegations," the motion is properly entertained. *United States v. Alkaabi*, 223 F. Supp. 2d 583, 587 (D.N.J. 2002). Indeed, a charging instrument fails to state an offense "if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Panarella*, 277 F.3d at 685, *quoted in Alkaabi*, 223 F. Supp. 2d at 587.

This District has squarely held that an as-applied vagueness challenge, when it turns on the adequacy of notice rather than on the proofs, belongs on a motion to

6

dismiss. In *United States v. Bryant*, 556 F. Supp. 2d 2008 (D.N.J. 2008), the court confronted a mail-fraud count premised on the allegation that the defendant had performed "little or no legitimate and meaningful work" in exchange for the income he received, and held that the statute was void for vagueness as applied to that theory. 556 F. Supp. 2d 378, 432–33 (D.N.J. 2008). Rejecting the Government's contention that the challenge was a premature attack on the evidence, the court explained that the "issue does not go to the proofs, as the Government contends, but to the constitutional adequacy of notice and of the legal standard which the Government will have to address in its proofs at trial," and concluded that "[t]hus, [the] vagueness argument is properly dealt with on a motion to dismiss." *Id.* at 433. The court accordingly dismissed the count under Rule 12(b)(3).

Mr. Mattia's challenge is permissible. For purposes of this motion, Defendant Mattia does not dispute that the Government can prove what the Superseding Indictment alleges. His contention is that the legal standard embedded in the charge, the requirement that a compounded medication be medically necessary, fails to give constitutionally adequate notice and invites arbitrary enforcement, no matter what the proofs ultimately show. That is a pure question of law resolvable on the face of the pleading, taking its allegations as true. *Huet*, 665 F.3d at 595.

**D.    As Applied To The Conduct Charged, The "Medically Unnecessary" Standard Is Unconstitutionally Vague**

A criminal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983), *quoted in Bryant*, 556 F. Supp. 2d at 432. Where a legislature fails to provide minimal guidelines, a criminal law may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." *Id.*

The theory of prosecution here fails that standard as applied. The Superseding Indictment predicates fraud on the allegation that compounded medications, prescribed and signed for by a licensed practitioner, were "medically unnecessary." But the pleading identifies no standard, drawn from the statute or elsewhere, by which necessity is to be measured, and Sections 1347 and 1349 supply none as an element. As in *Bryant*, the charge thus requires a jury "to speculate" about a term of degree and "invite[s] the jury to second-guess" a professional judgment that the Due Process Clause does not permit to be criminalized on an unarticulated standard. 556 F. Supp. 2d at 432–33. A defendant of ordinary intelligence could not have known, at the time of the charged conduct, the point at which a physician-signed prescription became so "unnecessary" that

8

billing for it was federal fraud. The statute, applied through this undefined term, does not give the "fair warning" the Constitution requires. *Ferriero*, 866 F.3d at 130; *Fullmer*, 584 F.3d at 152.

Therefore, as applied to the conduct charged, the "medically unnecessary" standard is unconstitutionally vague because it supplies no ascertainable criterion and invites standardless enforcement.

## V. CONCLUSION

For the foregoing reasons, Mr. Mattia respectfully requests that the Court dismiss Counts One through Four of the Superseding Indictment as void for vagueness as applied, and grant such other and further relief as the Court deems just and proper.

Dated: July 24, 2026

Respectfully submitted,

/s/ Bruce Levy
HARTMANN DOHERTY ROSA
BERMAN & BULBULIA, LLP

*Attorneys for Defendant Carmine A. Mattia, Jr.*

9