**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>CARMINE A. MATTIA, JR.,<br>Defendant. | Case No. 2:21-cr-00576 (BRM)<br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are three motions: (1) Defendant Carmine A. Mattia's ("Defendant") motion to dismiss Counts 1 through 4 of the Superseding Indictment (ECF No. 87), which the United States of America (the "Government") opposed (ECF No. 90); (2) Defendant's motion in limine (ECF No. 86; *see also* ECF No. 23), which the Government opposed (ECF No. 90); and (3) the Government's motion in limine (ECF No. 85), which Defendant opposed (ECF No. 91).

Having reviewed the submissions filed in connection with the respective motions and having declined to hold oral argument, for the reasons set forth below and for good cause having been shown, Defendant's motion to dismiss (ECF No. 87) is **DENIED**.[1]

## I. BACKGROUND

### A. Factual Background

The Court incorporates by reference the underlying facts set forth in the Court's June 3, 2024 Opinion. (ECF No. 60.) In the Superseding Indictment, Defendant was charged with six counts: one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349

[1] The Court will rule on the parties' respective motions in limine from the bench on September 9, 2026, in anticipation of the jury trial set for September 22, 2026.

(Count 1); three counts of health care fraud in violation of 18 U.S.C. § 1347 and § 2 (Counts 2 through 4); one count of witness tampering in violation of 18 U.S.C. § 1512(b)(3) (Count 5); and one count of obstruction of health care investigation in violation of 18 U.S.C. § 1518 (Count 6). (ECF No. 15.) Defendant pleaded not guilty to all six counts. (ECF No. 18.)

### B. Procedural Background

Defendant previously filed a motion to dismiss Counts 1 through 4 of the Superseding Indictment (ECF No. 22), which the Court granted on June 3, 2024 (ECF Nos. 60, 61).[2] The Court found the Superseding Indictment did not sufficiently allege a conspiracy to commit health care fraud nor substantive health care fraud as it does not identify any false or fraudulent statement, misrepresentation, or omission by Defendant and fails to sufficiently allege a scheme to defraud "in connection with the delivery of or payment for health care benefits, items, or services." 18 U.S.C. § 1347(a). (*See generally* ECF No. 60.)

On June 17, 2024, the Government filed a motion for reconsideration (ECF No. 62) of the June 3, 2024 Opinion and Order granting Defendant's motion to dismiss Counts 1 through 4 of the Superseding Indictment (ECF Nos. 60, 61). The Court denied that motion. (ECF Nos. 65, 66.) The Government timely appealed the Court's dismissal of Counts 1 through 4 of the Superseding Indictment. (ECF No. 67.) On October 21, 2025, the Third Circuit reversed this Court's June 3, 2024 Order granting Defendant's motion to dismiss.[3] (ECF No. 75.)

On July 24, 2026, Defendant filed a renewed motion to dismiss Counts 1 through 4 of the Superseding Indictment (ECF No. 87) and refiled his omnibus motions (ECF No. 86 (citing ECF

---

[2] In granting Defendant's motion to dismiss, the Court expressly denied Defendant's Omnibus Motions (ECF No. 23) without prejudice and with leave to refile as applicable (ECF No. 60 at 19; ECF No. 61 at 2).

[3] The Court received the Third Circuit's formal mandate on November 12, 2025. (ECF No. 77.)

No. 23)). The Government opposed both on August 5, 2026. (ECF No. 90). Also on July 24, 2026, the Government filed its own motions in limine. (ECF No. 85.) Defendant filed an opposition on August 5, 2026.[4] (ECF No. 91.)

## II. LEGAL STANDARD

"A motion to dismiss a criminal indictment [or certain counts therein] may be brought at any time before trial." *United States v. Hoffert*, No. 18-00073, 2018 WL 4829032, at *2 (W.D. Pa. Oct. 4, 2018), *aff'd*, 949 F.3d 782 (3d Cir. 2020) (citing Fed. R. Crim. P. 12(b)(3)). "In considering a defense motion to dismiss an indictment, the district court accepts as true the factual allegations set forth in the indictment." *Besmajian*, 910 F.2d at 1154. Federal Rule of Criminal Procedure 7(c)(1) provides an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). "While detailed allegations might well have been required under common-law pleading rules, . . . they surely are not contemplated by Rule 7(c)(1)[.]" *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). Rather, the Third Circuit has stated:

> [A]n indictment [is] sufficient so long as it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution."

*United States v. Bergrin*, 650 F.3d 257, 264 (3d Cir. 2011) (alterations in original) (quoting *United States v. Vitillo*, 490 F.3d 314 (3d Cir. 2007)). "Moreover, 'no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to

[4] Pursuant to the protective order in place in this matter (ECF No. 10), Defendant emailed the Government with the declaration and exhibits accompanying his opposition and hand delivered these materials to the Court (ECF No. 91).

prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.'" *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)).

Federal Rule of Criminal Procedure 12(b)(3)(B) "permits a criminal defendant to move for the pre-trial dismissal of an indictment as defective if it, *inter alia*, lacks specificity or fails to state an offense." *United States v. Totoro*, No. 15-00291, 2017 WL 3189216, at *2 (E.D. Pa. July 27, 2017) (citing Fed. R. Crim. P. 12(b)(3)(B)(iii), (v)). "A district court may grant a pretrial motion to dismiss an indictment if the indictment's allegations do not suffice to charge an offense." *United States v. Jones*, 299 F. App'x 187, 189 (3d Cir. 2008). "To determine whether an indictment 'contains the elements of the offense intended to be charged,' a district court may look for more than a mere 'recit[ation] in general terms [of] the essential elements of the offense." *Bergrin*, 650 F.3d at 264 (alterations in original) (citation omitted). "A district court must find that 'a charging document fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation.'" *Id.* at 264–65 (citation omitted). Additionally, "if an indictment fails to charge an essential element of the crime, it fails to state an offense." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (citing *United States v. Wander*, 601 F.2d 1251, 1259 (3d Cir. 1979)).

Ordinarily, however, "the court may not predicate such a dismissal upon the insufficiency of the evidence to prove the indictment's charges." *Jones*, 299 F. App'x at 189. "A ruling on a motion to dismiss is not [] 'a permissible vehicle for addressing the sufficiency of the government's evidence.'" *Bergrin*, 650 F.3d at 265 (quoting *United States v. DeLaurentis*, 230 F.3d 659, 660–61 (3d Cir. 2000)). "'Evidentiary questions'—such as credibility determinations and the weighing of proof—'should not be determined at th[is] stage.'" *Bergrin*, 650 F.3d at 265 (alteration in

original) (quoting *United States v. Gallagher*, 602 F.2d 1139, 1142 (3d Cir. 1979)); *see also DeLaurentis*, 230 F.3d at 660–61 ("Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence. Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." (citations omitted)).

## III. DECISION

Defendant argues Counts 1 through 4 of the Superseding Indictment should be dismissed before trial because the statutes, as applied, are void for vagueness. (ECF No. 87-1 at 4, 6–7.) According to Defendant, in ruling on the Government's appeal from this Court's June 3, 2024 Order and Opinion, the Third Circuit expressly reserved this "as-applied" challenge for this Court to resolve on remand. (*Id.* at 4.)

The Government disagrees. (ECF No. 90.) First, as a point of clarification, the Government contends the "only issue . . . the Third Circuit left for the Court to consider is whether the allegations in the Superseding Indictment are vague as applied to the facts of this case." (*Id.* at 8.) According to the Government, the Third Circuit already "found that the Superseding Indictment is not deficient for including the term 'medically unnecessary'" because it "alleges with more than sufficient detail a health care fraud claim and apprises [Defendant] of 'what he needs to meet at trial.'" (*Id.* at 7 (quoting ECF No. 77-1 at 12).) Second, pointing to the absence of a factual record, the Government argues Defendant's "as-applied" challenge is premature. (*Id.* at 9–11.) Third, the Government insists that even if the Court were to prematurely entertain Defendant's "as-applied" challenge, Defendant loses because "[t]here is no ambiguity or vagueness that a provider's

representation that prescriptions are 'medically necessary' is false if the provider never evaluated or even met the patient." (*Id.* at 12.) The Government posits this is particularly true "where, as here, the patient was paid bribes in exchange for even agreeing to obtain the medicine and then instructed to lie about those bribes to cover it up." (*Id.*)

The Court agrees with the Government's first argument regarding the scope of the question left by the Third Circuit for this Court to resolve, but the Court does not find that resolving that question is premature at this juncture. In ruling on Defendant's first motion to dismiss, this Court indicated that it was "troubled by the Superseding Indictment's use of the term 'medically unnecessary,' finding that 'there is unquestionably no singular or static definition for "medically unnecessary," rendering it a vague term, which can have different meanings depending on context.'" (ECF No. 77-1 at 11–12 (quoting ECF No. 60 at 15).) The Third Circuit, however, did "not share [this Court's] concerns." (*Id.* at 12.) Instead, the Third Circuit came to the following conclusion:

> Because "criminal indictments are to be read as a whole and interpreted in a common[-]sense manner," the mere fact that a term "can have different meanings depending on context," does not render it unusable in an indictment. Here, a fair, holistic, and common-sense interpretation of the terms in the context in which they are used in the Superseding Indictment fairly apprises [Defendant] of what he needs to meet at trial.

(*Id.* (first quoting *United States v. Lee*, 359 F.3d 194, 209 (3d Cir. 2004) (cleaned up), and then quoting ECF No. 60 at 15).) The Third Circuit, in other words, already resolved a key component of the Defendant's vagueness argument by rejecting the notion that the Superseding Indictment's use of the term "medically unnecessary" deprived Defendant of what he needs to be prepared to defend against at trial. (*See id.*)

However, even if the Court were to construe this portion of the Third Circuit's opinion as

non-binding dicta, the Court nonetheless agrees with the Third Circuit's reasoning. To assess the Superseding Indictment's sufficiency, the Third Circuit applied a "common[-]sense construction." (*Id.* (quoting *United States v. Hodge*, 211 F.3d 74, 76 (3d Cir. 2000)).) In doing so, the Third Circuit determined that the Superseding Indictment adequately alleged a misrepresentation. (*Id.* at 9.) The Third Circuit focused on the following:

> By alleging that Dr. [Robert] Agresti's prescriptions were issued "(a) without [Dr.] Agresti and Individual-1 having a doctor/patient relationship, (b) without [Dr.] Agresti determining that Individual-1 had a medical necessity for the compounded medications selected, and (c) without [Dr.] Agresti conducting an examination of Individual-1," the Superseding Indictment sufficiently alleged that these prescriptions were not bona fide orders and therefore contained an implicit misrepresentation.

(*Id.* at 11 (footnote omitted) (quoting ECF No. 15 at 5).) Just as the Third Circuit applies a "common[-]sense construction" to gauge a criminal indictment's sufficiency (*id.* at 9 (quoting *Hodge*, 211 F.3d at 76)), Third Circuit law also requires courts to interpret criminal indictments "in a common[-]sense manner" to assess vagueness (*id.* at 12 (quoting *Lee*, 359 F.3d at 209)); *see also Gov't of Virgin Islands v. Moolenaar*, 133 F.3d 246, 250 (3d Cir. 1998) (explaining that the spirit of Federal Rule of Criminal Procedure 7 requires courts to read criminal indictments "as a whole and interpret [them] in a common[-]sense manner"). Under Third Circuit law, the sufficiency and specificity frameworks for assessing criminal indictments are, in essence, two sides of the same coin. Despite the fact the Superseding Indictment used terms like "medically unnecessary," which may be vague in a vacuum, in the context of the Indictment as a whole it "sufficiently apprises . . . [D]efendant of what he must be prepared to meet," and therefore was not so vague as to create a constitutional defect. (*Id.* at 7 (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)).) In other words, Defendant would understand that 18 U.S.C. § 1347 makes it unlawful for someone to secure, or cause to be secured, the signature of a doctor on

prescription forms for compounded medications absent a doctor/patient relationship, an examination of the patient by that doctor, and a determination that the prescribed medications were medically necessary.[5] *United States v. Moyer*, 674 F.3d 192, 211 (3d Cir. 2012) ("In criminal cases, because vagueness attacks are based on lack of notice, they may be overcome in any specific case where reasonable persons would know their conduct puts [them] at risk of punishment under the statute." (internal quotation marks and citation omitted).)

As the Government correctly argues, what remains in terms of Defendant's vagueness argument then is whether the allegations in the Superseding Indictment are vague as applied to the facts of this case. (ECF No. 90 at 8.) But the Government goes a step further and argues that it would be premature for the Court to consider the remaining component of the question of vagueness. (*Id.* at 9–11.) The Court disagrees.

It is true that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975); *United States v. Fontaine*, 697 F.3d 221, 226 (3d Cir. 2012) (quoting *Mazurie*, 419 U.S. at 550). But that principle is not a categorical bar against resolving a constitutional vagueness challenge on a motion to dismiss. *See, e.g.*, *United States v. Bryant*, 556 F. Supp. 2d 378, 432–33 (D.N.J. 2008) (ruling on an as applied vagueness challenge before trial). In *Bryant*, the mail fraud charge at issue turned on the definition of "what 'little or no legitimate

[5] Stated another way, the term "medically unnecessary" is not an invitation for the Government (or the Court) to make independent medical determinations about the health needs of patients—instead medical necessity as it relates to the healthcare fraud charges in the Superseding Incitement is determined by the presence of medical examination and an ongoing doctor-patient relationship. *Lee*, 359 F.3d at 209. The lack of a doctor-patient relationship and medical examination of a patient by that doctor implicitly renders a prescription "medically unnecessary." Accordingly, while the term "medically unnecessary" may not have a singular definition, the use of that term within the context of the Superseding Indictment is clear and does not create a constitutional vagueness defect.

and meaningful work' mean[t]." *Id.* at 432. The problem, according to the court, was that the indictment did "not allege what quantity or quality of work Rutgers [University] agreed or expected that [the defendant] would perform. Thus, there [was] no standard by which to judge Bryant's work on Rutgers' behalf." *Id.* at 432–33. Accordingly, the court dismissed the mail fraud charge on vagueness grounds. *Id.* at 433.

As in *Bryant*, the charge of fraud (here, healthcare fraud) turns on the meaning of a term: "medically unnecessary." (ECF No. 15 at 4–6.) But unlike in *Bryant*, the Superseding Incitement provides Defendant with adequate notice and does not subject Defendant to standardless second-guessing. *Cf.* 556 F. Supp. 2d at 432–33

The health care fraud statute makes it a crime to "knowingly and willfully execute[ ] . . . a scheme . . . (1) to defraud any health care benefit program; or (2) to obtain, by means of *false or fraudulent* . . . *representations* . . . any of the money . . . [of] any health care benefit program . . . in connection with the delivery of or payment for health care benefits, items, or services." 18 U.S.C. § 1347 (emphasis added). Additionally, 18 U.S.C. § 1349 "makes it a crime to attempt or conspire to commit any of the federal fraud offenses." *See* Third Circuit Model Crim. Jury Instr. 6.18.1347.

As already stated, the Superseding Indictment alleges Defendant "persuaded Individual-1 to obtain compounded medication prescriptions" that a telecommunications company's health care plan was billed for by paying Individual-1 to obtain the medications and by securing a signature from Dr. Agresti on the prescriptions "(a) without [Dr.] Agresti and Individual-1 having a doctor/patient relationship, (b) without [Dr.] Agresti determining that Individual-1 had a medical necessity for the compounded medications selected, and (c) without [Dr.]Agresti conducting an examination of Individual-1." (ECF No. 15 at 4–5.) In other words, the Superseding Indictment

asserts that Defendant and his co-conspirators caused the telecommunication company's health care plan to be billed for the phony prescriptions. (*Id.*) The Government's brief sums it up best:

> There is no ambiguity or vagueness that a provider's representation that prescriptions are "medically necessary" is false *if the provider never evaluated or even met the patient*,[] particularly where, as here, the patient was paid bribes in exchange for even agreeing to obtain the medicine and then instructed to lie about those bribes to cover it up.

(ECF No. 90 at 12 (emphasis added).) According to the allegations in the Superseding Indictment, the determination of whether Defendant committed healthcare fraud presupposes a determination that Defendant made the following implicit misrepresentation: The prescriptions for Individual-1 were "medically necessary" based on a legitimate examination conducted by a doctor—otherwise no healthcare fraud is alleged. (ECF No. 15 at 4–5.) This specificity means there is no unconstitutional "standardless sweep" that criminalizes behavior based on the "personal predilections" of the Government or jury. *Kolender v. Lawson*, 461 U.S. 352, 358 (1983) (quoting *Smith v. Goguen*, 415 U.S. 566, 575 (1974)). The jury is not being asked to determine whether they would have prescribed the same compounded medications to Individual-1 if they were doctors. *Id.* Instead, at the risk of redundancy, the jury will be tasked with determining whether the Defendant secured prescriptions of the compounded medications without: (1) a medical examination of the patients by the prescribing medical doctor; (2) a doctor-patient relationship; or (3) a determination by a licensed physician that the prescription was medically necessary for the patient; and was therefore medically unnecessary. (ECF No. 77-1 at 10–11.)

Moreover, as the Government points out, the statute here has a scienter requirement. *See* 18 U.S.C. § 1347 (requiring the Government to prove beyond a reasonable doubt that a defendant executed the scheme "knowingly and willfully"). As the Supreme Court has made clear, "a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice . . .

that [the] conduct is proscribed." *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 526 (1994) (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982)). Because the Court finds no due process concern as to vagueness, Defendant's motion to dismiss is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 87) is **DENIED**. The Court will rule on the parties' respective motions in limine from the bench on September 9, 2026, in anticipation of the jury trial set for September 22, 2026. An appropriate Order follows.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: August 31, 2026